John R. TOBORKEY, Michael Medine, Ronald Schuman, Robert Neperney, Individually and on behalf of all employees of Heinz, U. S. A., a division of H. J. Heinz Company, a corporation similarly situated, Plaintiffs,

v.

HEINZ, U. S. A., a division of H. J. Heinz Company, a corporation, Defendant.

Civ. A. No. 79–208.

United States District Court, W. D. Pennsylvania.

Aug. 13, 1979.

Harold Gondelman, Pittsburgh, Pa., for plaintiffs.

James B. Hecht, Richard R. Riese, Pittsburgh, Pa., for defendant.

## MEMORANDUM OPINION

ROSENBERG, District Judge.

This matter is presently before me on a motion for summary judgment. The plaintiffs, John R. Toborkey, Michael Medina, Ronald Schuman and Robert Neperney, are employees of the defendant, Heinz, U.S.A., a division of H. J. Heinz Company, a corporation. They brought this action against the defendant in the Court of Common Pleas of Allegheny County on January 29, 1979 in behalf of themselves and all others similarly situated, to obtain an accounting and recovery of wages which allegedly had not been paid to them in accordance with an incentive wage rate program in operation at the defendant-employer's Pittsburgh plant. On February 13, 1979 the matter was removed to this Court.

The plaintiffs are members of the Canning and Pickle Workers Union Local 325 affiliated with the Amalgamated Meat Cutters and Butcher Workmen of North America, AFL–CIO, which Union entered into a contract in behalf of all employees as of March 1, 1977.

This action was commenced in the Court of Common Pleas of Allegheny County, in equity and seeks an accounting, attorney's fees, punitive damages and a mandate to compel the defendant to maintain book-keeping records such as "will reflect the actual incentive rates due rather than reducing the same by false and fraudulent entries".

The plaintiffs assert in the complaint that they are employees of the defendant corporation and "together with all employees of said defendant similarly situated, have been deprived of wages and earnings under an incentive pay program". The demand is made by the plaintiffs in their own behalf and in behalf of all other employees similarly situated in the form of a class action. By this means the plaintiffs are pursuing an action presumably based upon a contract of employment and in effect seek a specific performance of that contract, together with certain compensatory and punitive payments and counsel fees.

The plaintiffs do not specify which contract and when the contract was entered into upon which they rely for this cause of action.

The plaintiffs, individually and in behalf of all employees of the defendant, complained that the incentive rates which they were entitled to receive were illegally altered by administrative personnel of the defendant without the knowledge or consent of the plaintiffs. They claim that they are unable to determine the exact amount of money which the members of the class have been defrauded as a result of the false record-keeping practices of the defendant. The plaintiffs also allege that while provision is made in the contract of employment between the defendant and the plaintiffs, they still do not have an adequate remedy under the grievance adjustment article of the parties' labor agreement, because, in their view, this system does not permit them to uncover the full extent of the fraud perpetrated upon them by the defendant or permit them to acquire a full accounting of the funds due each of the plaintiffs.

The defendant in response asserts that on April 10, 1978 the plaintiffs' union began processing the same claim against the defendant under the grievance adjustment provisions of the contract. The defendant maintains that the exclusive avenue of re-

lief for the plaintiffs is by means of the union's prosecution of their grievances in accordance with the terms of the parties' contract.

On February 16, 1979 the defendant submitted a series of Requests for Admission pursuant to Federal Rule of Civil Procedure 36. The pertinent requests are as follows:

"1. Exhibit A, which is attached to defendant's Answer to Complaint, is a true and correct copy of the 1977 Contract between defendant and Canning and Pickle Workers Union Local 325, charted by the Amalgamated Meat Cutters and Butcher Workmen of North America, AFL–CIO (hereafter termed the 'Union').

2. Attached hereto, made a part hereof, and marked Exhibit B is a true and correct copy of a grievance which was filed and prosecuted by Union against defendant commencing April 10, 1978.

3A The plaintiff, John R. Toborkey, is an employee of defendant in the Warehouse Department (Department # 39) and is a member of the Union.

3B The plaintiff, Michael Medina, is an employee of defendant in the Warehouse Department (Department # 39) and is a member of the Union.

3C The plaintiff, Ronald G. Schuman, is an employee of defendant in the Warehouse Department (Department # 39) and is a member of the Union.

3D The plaintiff, Robert J. Neperney, is an employee of defendant in the Warehouse Department (Department # 39) and is a member of the Union.

7. The subject matter of the plaintiffs' Complaint is included within the subject matter of said grievance, Exhibit B hereto.

8. For an extended period of time after April 10, 1978, the defendant gave possession to the Union of numerous records to which reference is made in said grievance, Exhibit B hereto.

10. At the time when the plaintiffs decided to commence this civil action, the Union was prosecuting the grievance (Exhibit B hereto) against defendant under Contract (Exhibit A to defendant's Answer to the Complaint).

11. At the time when the plaintiffs decided to commence this civil action, the defendant was processing the grievance (Exhibit B hereto) and was defending itself against the Union's prosecution of said grievance, all under the terms of the Contract (Exhibit A to defendant's Answer to the Complaint)."

■ The plaintiffs failed to reply at any time after service of these requests pursuant to Rule 36 and because of such failure to reply or file objections, these matters are admitted facts.

Article I, Section A of the labor contract provides in pertinent part as follows:

"The Company recognizes the Union as the exclusive representative of all production, maintenance and service employees, including route guard, gate guard, and *warehouse* employees on the Pittsburgh district payroll for the purpose of collective bargaining with respect to rates of pay, *wages,* hours of employment and other conditions of employment." (Emphasis added).

It appears that the defendant has been dealing exclusively with the union since ordered by the National Labor Relations Board to do so in the year 1939. See, *In re H. J. Heinz Company and* Canning and Pickle Workers, Local No. 325, affiliated with *Amalgamated Meat Cutters and Butcher Workmen of North America, American Federation of Labor,* Case No. C–304, January 5, 1939 (10 NLRB 963), order enforced 110 F.2d 843, C.A. 6, 1940, aff'd 311 U.S. 514, 61 S.Ct. 320, 85 L.Ed. 309 (1941).

Article VIII of the parties' contract provides for the settlement of "*any* question of controversy between the Company and one or more employees of the Union, as to the interpretation or application of, or compliance with, the terms of this Contract, or *any* matter involving wages, hours or working conditions" (emphasis added) through an internal grievance procedure or, if no satisfactory arrangement is thereby reached, through arbitration.

Although the plaintiffs allege that arbitration would not allow them to secure a full accounting of all funds due each plaintiff, it appears from the defendant's Request For Admission that, for an extended period of time after April 10, 1978, the defendant gave possession to the plaintiff's union numerous records to which reference was made in the plaintiffs' union's grievance and that such records were examined by each of the individually named plaintiffs. This was in compliance with law, since an employer, generally, is obliged to provide information required by a bargaining representative for the proper performance of its duties. *NLRB v. Acme Industrial Co.*, 385 U.S. 432, 87 S.Ct. 565, 17 L.Ed.2d 495 (1967).

The plaintiffs have not countered the defendant's assertion that the records were available and examined by them. Under the circumstances then it would appear that the prosecution of the plaintiffs' complaint can be carried out only by the plaintiffs' duly elected representative. Sufficient authority exists with the NLRB to compel the defendant to provide the plaintiffs' union with whatever information it deems necessary to fully vindicate the plaintiffs' rights under the parties' contract. Contrary to the averment in the complaint, the plaintiffs do have an adequate remedy at law as provided by the contract of the parties themselves through the plaintiffs' representative, Local 325 and the defendant. *Republic Steel v. Maddox*, 379 U.S. 650, 652–653, 85 S.Ct. 614, 13 L.Ed.2d 580 (1965)

Accordingly, the defendant's Motion For Summary Judgment should be allowed.

### ORDER OF COURT

AND NOW, TO–WIT, this 13th day of August 1979, for the reasons set forth in the foregoing Memorandum Opinion, the defendant's Motion For Summary Judgment is hereby granted.